# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| TROY KROSCH, | Case No. 19-CV-2784 (NEB/KMM) |
| Plaintiff, | |
| v. | ORDER ON DEFENDANT EXPERIAN INFORMATION SOLUTION, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTION, LLC; TRANS UNION, LLC; and NATIONSTAR MORTGAGE, LLC, | |
| Defendants. | |

Plaintiff Troy Krosch asserts claims against Experian Information Solution, Inc.[1] ("Experian") and other defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Experian now moves for dismissal of those claims pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 34.) For the reasons below, the Court grants Experian's motion and dismisses the claims against Experian without prejudice.

## BACKGROUND

Defendant Experian is a credit reporting agency ("CRA") that furnishes consumer reports to third parties under 15 U.S.C. § 1681a(d). (ECF No. 1 ("Compl.") ¶ 9; ECF No. 30

---

[1] In its Answer to the Complaint, Experian represents that its name is Experian Information Solution, Inc., rather than Experian Information Solution, LLC, as identified in the case caption. (ECF No. 30 ¶ 8.)

¶ 9.) Krosch sued Experian and other defendant CRAs for allegedly failing to report certain information in his credit reports in violation of the FCRA. For the purposes of Experian's motion, the Court accepts as true the following facts alleged in the Complaint:

Krosch secured a mortgage loan for his home that was transferred to defendant Nationstar Mortgage, LLC ("Nationstar") in August 2006. (Compl. ¶¶ 16–17.) In June 2018, Krosch and Nationstar entered into a new loan agreement. (*Id*. ¶ 22.) In May 2019, Krosch requested and received a copy of his credit reports from defendants Equifax Information Services, LLC, and Trans Union, LLC ("Trans Union"), and noticed that his Nationstar mortgage was "reporting inaccurately" and "missing" on his credit reports.[2] (*Id*. ¶¶ 25–28.) The Complaint contains no similar allegation for Experian.[3] In July 2019, Krosch disputed the reporting of the Nationstar mortgage account with Experian and the

---

[2] While the Complaint alleges that Krosch requested and received his credit "file" from Trans Union (Compl. ¶ 27), Krosch's counsel indicated at oral argument that this was an error, and that Krosch requested and received his credit report (not file) from Trans Union. There is a distinction between a "consumer report" and consumer "file" under the FCRA. The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a [CRA] bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit or insurance to be used primarily for personal, family, or household purposes . . . ."). 15 U.S.C. § 1681a(d)(1)(A). In contrast, a consumer "file" is defined as "all of the information on that consumer recorded and retained" by a CRA. *Id*. § 1681a(g).

[3] Contrary to Krosch's assertion, the Complaint does not allege that he requested or received a copy of his credit report from Experian. (*Compare* ECF No. 41 ("Pl's Br.") at 1–2 (citing Compl. ¶¶ 25–29) *with* Compl. ¶¶ 25–29.)

2

other defendant CRAs, and asked each of them to "conduct a reasonable investigation and/or remedy inaccuracies on [his] credit reports concerning the Nationstar mortgage account." (*Id.* ¶ 29.) Experian responded to Krosch's dispute, stating that it was unable to honor his request to place credit information on his credit report. (*Id.* ¶ 36, Ex. 2.) Experian did not evaluate or consider any of Krosch's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the Nationstar reporting lines. (*Id.* ¶ 38.)

When Krosch informed Nationstar that his tradeline was missing and that he had been making timely payments, Nationstar responded that its records "indicate that this account has hit the allotted time frame to report a delinquent account and is no longer reporting to the [CRAs]." (*Id.* ¶ 46.) In other words, Nationstar had stopped reporting Krosch's mortgage loan to the CRAs. (*Id.* ¶ 49.)

Krosch asserts that Experian negligently or willfully violated 15 U.S.C. § 1681e(b) of the FCRA by (1) failing to report his Nationstar mortgage on his Experian credit report when it was contained in his consumer files, (2) removing or deleting his Nationstar mortgage from his Experian credit report, and (3) reporting multiple Nationstar credit inquiries without permissible purpose and implying there was a Nationstar mortgage account on his Experian consumer file. (Pl's Br. at 2–3.) He asserts that Experian negligently or willfully violated 15 U.S.C. § 1681i by (1) failing to reasonably investigate his dispute concerning the absence of the Nationstar mortgage from his credit reports

when the information was contained within his Experian consumer file, and (2) failing to reasonably investigate his disputes concerning the credit inquiries from Nationstar. (*Id.* at 3.)[4]

## ANALYSIS

### I.  Standard of Review

Under Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings at any point after the close of the pleadings, so long as it moves early enough to avoid a delay of trial. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is evaluated under the same standard as a motion brought under Rule 12(b)(6). *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018). Under this standard, "a complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (cleaned up, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### II.  FCRA § 1681e(b) Claim

Section 1681e(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."[5]

---

[4] Krosch's claims against Nationstar and Trans Union were dismissed pursuant to stipulation on May 19, 2020, and June 4, 2020, respectively. (ECF Nos. 52, 55.)

[5] The Court uses the terms "consumer report" and "credit report" interchangeably in this opinion, but acknowledges that "the two are not necessarily the same, as demonstrated

15 U.S.C. § 1681e(b). To plead a viable § 1681e(b) claim, Krosch must plausibly allege that Experian (1) reported inaccurate credit information about him and (2) failed to follow reasonable procedures to assure the accuracy of his credit report. *Desautel v. Experian Info. Sols., Inc.*, No. 19-CV-2836 (PJS/LIB), 2020 WL 2215736, at *2 (D. Minn. May 7, 2020); *see Paul v. Experian Info. Sol., Inc.*, 793 F. Supp. 2d 1098, 1101 (D. Minn. 2011) (collecting cases and identifying additional elements). Experian argues that the Complaint fails to allege either of these elements because the FCRA does not require CRAs to report every account or tradeline of a consumer; rather, the FCRA requires only that the information contained in a credit report be accurate.

In 1990, and again in 2011, the FTC commented that CRAs "are not required to include all existing derogatory or favorable information about a consumer in their reports." Statement of General Policy or Interpretation; Commentary on the Fair Credit Reporting Act, 55 Fed. Reg. 18804-01 (May 4, 1990) ("1990 Commentary"); Fed. Trade Comm'n, *40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations*, 67–68 (2011) ("Staff Summary") available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-

---

by the fact that a report may constitute a 'consumer report' when its purpose is not the securing of credit or other financial services" and "[i]nformation other than credit data may also render a report a 'consumer report' covered by FCRA." *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 246 n.7 (3d Cir. 2012) (citations omitted).

5

credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf.[6]

Courts have agreed. While the FTC's commentary has no binding effect, the Eighth Circuit and other courts "have accorded it weight as a policy statement of the primary agency responsible for enforcing the FCRA." Staff Summary at 6–7 (citing *Davenport v. Farmers Ins. Grp.*, 378 F. 3d 839, 843 (8th Cir. 2004)). Relying on the commentary, then, courts have held that the "FCRA does not specifically require a reporting agency to affirmatively add credit data to a report." *Davis v. Equifax Info. Servs. LLC*, 346 F. Supp. 2d 1164, 1171 (N.D. Ala. 2004) (citing 1990 Commentary at 492–519); *see Hammer v. Equifax Info. Servs., LLC*, No. 3:18-CV-1502-C, 2019 WL 7602463, at *3 (N.D. Tex. Jan. 16, 2019) (dismissing FCRA claims based on CRA's alleged failure to include consumers credit card account on his credit report, explaining "the FCRA does not impose an affirmative duty upon credit reporting agencies to include all relevant information about Plaintiff").

Krosch does not dispute Experian's assertion that CRAs are not required to affirmatively add all credit data to a credit report. (Pl's Br. at 8.) Instead, he argues that the "missing" Nationwide data makes the credit report misleading (and thus inaccurate) under § 1681e(b). (*Id.* at 8–9, *see id.* at 5 (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009).) Courts in other jurisdictions have held that a credit report

---

[6] In 2011, the FTC transferred the primary regulatory and interpretive roles under the FCRA to Consumer Financial Protection Bureau ("CFPB"). Staff Summary at 1–2. As part of the transition, the FTC withdrew its 1990 Commentary, and issued a staff summary of its interpretations for the benefit of the CFPB staff. *Id*. at 7–8, 17. The Staff Summary reiterates verbatim the relevant 1990 Commentary regarding § 1681e(b).

may be inaccurate under § 1681e(b) "either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 896 (5th Cir. 1998) (finding CRA's report may have been incomplete, but was not facially misleading or inaccurate when prepared); *see Gorman*, 584 F.3d at 1163 ("[A] credit entry can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'").

The Eighth Circuit has not decided this issue. "The Eighth Circuit has no binding precedent on whether a technically accurate but misleading report can qualify as inaccurate for the purposes of § 1681e(b) of the FCRA." *Beseke v. Equifax Info. Servs. LLC*, 420 F. Supp. 3d 885, 901 (D. Minn. 2019); *see Taylor v. Tenant Tracker, Inc.*, 710 F.3d 824, 827 n.2 (8th Cir. 2013) ("We do not agree with the district court that the 'technical accuracy' standard . . . states the law of this circuit."). Courts in this district have been persuaded by the holdings of other circuits finding misleading reports or omissions actionable under the FCRA. *E.g., Beseke*, 420 F. Supp. 3d at 901 (finding plaintiff raised a triable issue of fact as to whether omitting information from a credit report "was sufficiently misleading to warrant a willful or negligent violation of § 1681(e)(b)"). The plain language of § 1681e(b) requires "maximum possible accuracy." This high standard supports the FCRA's stated purpose of requiring CRAs to "adopt reasonable procedures for meeting the needs of

commerce for consumer credit, personnel, insurance, and other information in a manner which is *fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information*." 15 U.S.C. § 1681(b) (emphasis added); *see Wharram v. Credit Servs. Inc.*, No. 02-CV-4853 (MJD/JGL), 2004 WL 1052970, at *2 (D. Minn. Mar. 12, 2004) (denying summary judgment where CRA deleted a disputed account from plaintiff's credit report).

Assuming the broader "materially misleading" standard applies, Krosch's claim nonetheless fails. In his opposition brief, Krosch argues that Experian included credit-line inquiries made by Nationstar but failed to include the Nationstar mortgage account as a tradeline on his credit report. This, he maintains, renders the credit report incomplete and misleading. But "a credit report is not 'inaccurate' or 'materially misleading' simply because it does not mention a particular tradeline." *Desautel*, 2020 WL 2215736, at *3 (citing *Hammer*, 2019 WL 7602463, at *2–*3, *Davis*, 346 F. Supp. 2d at 1171–72, n.10, n.11, *Peterson v. Equifax Info. Servs., LLC*, No. 1:16-CV-3528-WMR-LTW, 2018 WL 7348859, at *8–*9 (N.D. Ga. Dec. 27, 2018)). Moreover, the Complaint fails to include any allegation relating to credit-line inquiries made by Nationstar; it merely alleges that Experian failed to include the Nationstar mortgage account on Krosch's credit report, which Krosch effectively acknowledges is not, in itself, a violation of § 1681e(b). (*See* Pl's Br. at 8 ("Plaintiff is not advocating that a CRA has an affirmative duty to report *all* information concerning a customer." (emphasis in original).) The Complaint fails to allege any facts

8

supporting a plausible inference that the information reported by Experian was materially misleading, and thus, inaccurate under § 1681e(b).[7] As such, Experian's motion to dismiss the § 1681e(b) claim is granted.

### III. FCRA § 1681i Claim

Pursuant to § 1681i, if a consumer disputes "the completeness or accuracy of any item of information contained in a consumer's file" and the consumer notifies the CRA of such dispute, the CRA "shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A); *see Reed v. Experian Info. Sols., Inc.*, 321 F. Supp. 2d 1109, 1113 (D. Minn. 2004) ("Once a consumer has disputed information contained in a CRA's credit report, the CRA is required to reinvestigate and confirm, correct or delete the disputed information."). A § 1681i reinvestigation claim requires that Krosch "(1) point to an item of information contained in the CRA's file and (2) prove that the item of information is inaccurate." *Desautel*, 2020 WL 2215736, at *4 (citations omitted); *see Beaubien v. Experian Info. Sols., Inc.*,

---

[7] Even if the Complaint had alleged that Experian included the credit-line inquiries by Nationstar on Krosch's credit report, and that doing so caused the credit report to be materially misleading, Krosch has not presented any legal authority indicating that records of a credit-line inquiry may impact the accuracy of a credit report under § 1681e(b) or § 1681i. Indeed, another court recently found otherwise. *Desautel*, 2020 WL 2215736, at *4 ("Desautel has not plausibly pleaded a violation of § 1681e(b) because he has not plausibly pleaded that the omission of the Nationstar primary mortgage or the inclusion of the July 14, 2017 credit inquiry made his credit report patently incorrect or misleading in such a way and to such an extent that it can be expected to have an adverse effect.") (citation omitted, cleaned up).

No. 13-CV-2549 PJS/JSM, 2014 WL 5810320, at *5 (D. Minn. Nov. 7, 2014) ("For a plaintiff to prevail on a § 1681i reinvestigation claim, the plaintiff must show, among other things, that the information reported by the CRA was inaccurate."); *Peterson*, 2018 WL 7348859, at *8 (same); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) (holding that a § 1681i claim fails without a showing that the reported information was inaccurate because "[t]he FCRA is intended to protect consumers against the compilation and dissemination of *inaccurate* credit information") (emphasis in original, collecting cases).

Like his §1681e(b) claim, Krosch's § 1681i claim is based on Experian's alleged failure to include the Nationstar mortgage account on his credit report. And as with his § 1681e(b) claim, Krosch's failure to allege the existence of an inaccuracy triggering Experian's obligations disposes of his § 1681i claim. *See, e.g., Hammer,* 2019 WL 7602463, at *2 (dismissing §§ 1681e(b) and 1681i claims because plaintiff had not adequately alleged that his consumer report included inaccurate information).

Nor is the Court persuaded by Krosch's argument that Experian was required to reasonably investigate the Nationstar account once he disputed it. A CRA's duty to reinvestigate is "triggered by a consumer's complaint that 'any item of information contained in [his] file' is not complete or accurate." *Desautel*, 2020 WL 2215736, at *4 (citing 15 U.S.C. § 1681i(a)(1)(A)). Krosch argues that reporting Nationstar's credit inquiries on his credit report "establishes that [he] has a credit relationship with Nationstar," and that his mortgage with Nationstar "was still being reported to [Experian]" and "was

maintained in Experian's consumer file." (Pl's Br. at 10, 11.) But the Complaint does not reference Nationstar's credit inquiries or the contents of his consumer file at Experian; rather, it repeatedly alleges that Nationstar had *not* reported the mortgage to CRAs. (*See* Compl. ¶¶ 46, 49, 84, 88.) Because Experian cannot be held liable for failing to conduct a reasonable reinvestigation into the accuracy of information it never had, *Desautel*, 2020 WL 2215736, at *5, Krosch's § 1681i claim fails to state a claim under Rule 12(c).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED:

1. Experian's motion for judgment on the pleadings (ECF No. 34) is GRANTED; and

2. The First and Second Claims against Experian are DISMISSED WITHOUT PREJUDICE.

Dated: June 5, 2020                                    BY THE COURT:

                                                       s/Nancy E. Brasel
                                                       Nancy E. Brasel
                                                       United States District Judge